# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

FARADAY CAPITAL LIMITED, QBE CORPORATE LIMITED, IRONSHORE EUROPE DAC, and ARGO (No. 604) LIMITED,

    Plaintiffs,

v.

DRUCKER & FALK, LLC,

    Defendant.

CIVIL ACTION NO.: 4:17cv140

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Faraday Capital Limited, QBE Corporate Limited, Ironshore Europe DAC, and Argo (No. 604) Limited (collectively, the "Insurers") file their Complaint for Declaratory Judgment against Drucker & Falk, LLC ("Drucker & Falk") seeking a declaration of non-coverage as described herein. In support thereof, Insurers allege as follows:

## NATURE OF THE ACTION

1.

This is an insurance coverage action in which Insurers seek a declaratory judgment under 28 U.S.C. § 2201, that coverage is precluded and/or limited under Policy No. B0509DP038215 issued to Drucker & Falk for the period June 1, 2015 through June 1, 2016 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit 1.

## **THE PARTIES & JURISDICTION**

2.

The Insurers subscribed to the Policy, subject to the Policy's terms, conditions, limitations, exclusions, and relevant sublimits.

3.

Faraday Capital Limited, a United Kingdom corporation, is a citizen and resident of the United Kingdom. Faraday Capital Limited was incorporated and formed under the laws of England and Wales, with its principal place of business at The Corn Exchange, 55 Mark Lane, London, United Kingdom.

4.

QBE Corporate Limited, a United Kingdom corporation, is a citizen and resident of the United Kingdom. QBE Corporate Limited was incorporated and formed under the laws of England and Wales, with its principal place of business at Plantation Place, 30 Fenchurch Street, London, United Kingdom.

5.

Ironshore Europe DAC, an Ireland corporation, is a citizen and resident of Ireland. Ironshore Europe DAC was incorporated and formed under the laws of Ireland, with its principal place of business at 2 Shelbourne Buildings, Shelbourne Road, Ballsbridge, Dublin 4, Ireland.

6.

Argo (No. 604) Limited, a United Kingdom corporation, is a citizen and resident of the United Kingdom. Argo (No. 604) Limited was incorporated and formed under the laws of England and Wales, with its principal place of business at Exchequer Court, St. Mary Axe, London, United Kingdom.

7.

Drucker & Falk is a limited liability company organized and existing under the laws of Virginia, with its principal place of business at 11824 Fishing Point Drive, Newport News, Virginia, 23606. Drucker & Falk may be served through its registered agent, ED David, at David Kamp & Frank, 739 Thimble Shoals Boulevard, Suite 105, Newport News, Virginia 23606.

8.

The Court has personal jurisdiction over Drucker & Falk because Drucker & Falk is a citizen of the State Of Virginia and has sufficient contacts with the forum.

9.

The Court has subject matter jurisdiction over this lawsuit on diversity grounds under 28 U.S.C. § 1332 because the Insurers are diverse from Drucker & Falk and because there is more than $75,000.00 in controversy, exclusive of interest and costs.

10.

Venue is proper pursuant to 28 U.S.C. § 1391 because Drucker & Falk resides in this division and transacts business there.

11.

An actual case or controversy of a justiciable nature exists. Insurers are uncertain as to their duties, rights, and obligations under the Policy, and file this declaratory judgment action to resolve questions of coverage under the Policy, pursuant to 28 U.S.C. § 2201.

## **THE INSURANCE POLICY**

12.

Insurers subscribed to Policy No. B0509DP038015, issued to Drucker & Falk for the policy period June 1, 2015 through June 1, 2016. The Policy provides certain coverage for the property located at 7100 Gates Head Circle, Orlando, Florida 32822 (the "Property"), among others.

13.

The Policy "insures against all risk of direct physical loss, damage or destruction to property described herein occurring during the term of insurance including general average, salvage and all other charges on shipments insured hereunder, except as hereinafter excluded." Policy, p. 10 of 57.

14.

The Policy provides that "[a]ll losses, damages or expenses arising out of any one occurrence shall be adjusted as one loss and from the amount of such adjusted loss USD100,000 shall be deducted." Policy Slip, p. 8 of 19.

15.

The Policy defines "occurrence" as "all direct physical loss, damage or destruction insured against arising out of or caused by one event." Policy, p. 45 of 57.

16.

Under the Policy's Perils Excluded, the Policy does not insure:

> defective design or specifications, faulty material, or faulty workmanship; however, this exclusion shall not apply to fire, explosion, collapse and/or water damage resulting from such defective design or specifications, faulty material, or faulty workmanship. . ."

Policy, p. 24 of 57.

17.

The Policy also does not insure:

against ordinary wear and tear or gradual deterioration, unless direct physical loss, damage or destruction not otherwise excluded ensues that then this Policy shall insure for such ensuing physical direct loss, damage or destruction.

Policy, p. 25 of 57.

18.

Under the Policy's Perils Excluded, the Policy also does not insure:

against Fungus, Mold, wet or dry rot and any cost due to the presence of such including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy. However, notwithstanding any seepage, and/or pollution, and/or contamination exclusion, this Policy insures direct physical loss, damage or destruction to insured property resulting from Fungus, Mold, wet or dry rot which is a direct result of physical loss, damage or destruction insured against under this Policy. Such loss shall include the cost of testing performed after removal and remediation of such Fungus, Mold, wet or dry rot from insured property provided there is reason to believe that such Fungus, Mold, wet or dry rot is still present.

Policy, p. 26 of 57.

19.

The Policy contains a Microorganism Exclusion endorsement which provides:

This Policy does not insure any loss, damage, claim, cost, expense or other sum directly or indirectly arising out of or relating to:

> mold, mildew, fungus, spores or other microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health.

This Exclusion applies regardless whether there is (i) any physical loss or damage to insured property; (ii) any insured peril or cause, whether or not contributing concurrently or in any sequence; (iii) any loss of use, occupancy, or functionality; or (iv) any action required, including but not limited to repair, replacement, removal, cleanup, abatement, disposal, relocation, or steps taken to address medical or legal concerns.

5

This Exclusion replaces and supersedes any provision in the Policy that provides insurance, in whole or in part, for these matters.

Policy, MKA5018, 14/09/2005, p. 56 of 57.

20.

The Policy provides coverage for "[l]oss resulting from necessary interruption of business conducted by the Insured, whether total or partial, and caused by direct physical loss, damage, or destruction insured herein during the term of this Policy to real and personal property as described in Clause 2.A. of the Policy Conditions." Policy, p. 11 of 57.

21.

The Policy provides coverage for "Extra Expense incurred resulting from direct physical loss, damage or destruction insured herein during the term of this Policy to real or personal property as described in Clause 2.A." Policy, p. 12 of 57.

22.

The Policy defines Extra Expense to mean "the excess of the total cost chargeable to the operation of the Insured's business over and above the total cost that would normally have been incurred to conduct the business had no direct physical loss, damage or destruction occurred." Policy, p. 12 of 57.

## **THE CLAIM**

23.

On August 11, 2016, Drucker & Falk reported a water damage claim at the Property, which was allegedly discovered on April 1, 2016.

24.

Specifically, Drucker & Falk reported that multiple buildings on the Property had extensive water damage to the stairways and walkways located on the ends of each building.

25.

A preliminary inspection of the Property took place on August 12, 2016 and a re-inspection was conducted on September 20, 2016.

26.

As Drucker & Falk did not submit a formal claim presentation, Insurers, through its adjuster VeriClaim, issued a reservation of rights letter on November 18, 2016, requesting additional information. A true and correct copy of this letter is attached hereto as Exhibit 2.

27.

Drucker & Falk never submitted a formal claim presentation, but did set forth that it is claiming imminent collapse as to all 62 stairways at the Property, estimating the total repairs costs at $3,563,000.

28.

Insurers' investigation of the claim revealed that the Property's walkways have suffered long-term water intrusion, as a result of defective design and faulty workmanship and wear and tear, which led to rotting of the timber supports underneath.

29.

Further, no stairways or walkways actually collapsed during the Policy period, and none have collapsed to date.

30.

Additionally, the Property evidences long-term mitigation and repair efforts.

31.

As Insurers could not identify any covered damages in excess of the deductible, Insurers issued a letter on September 7, 2017. A true and complete copy of the letter is attached as Exhibit 3.

32.

Drucker & Falk challenged insurers' coverage decision on October 3, 2017. A true and complete copy of Drucker & Falk's response is attached as Exhibit 4.

33.

Insurers are uncertain of their rights, duties, and obligations under the Policy, and therefore, seek a declaration under 28 U.S.C. § 2201.

## COUNT I – COVERAGE IS PRECLUDED OR LIMITED BY THE DEFECTIVE DESIGN AND FAULTY WORKMANSHIP EXCLUSION

34.

Insurers repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

35.

The quality of workmanship and materials during the construction of the Property is the cause of the water intrusion and subsequent damage.

36.

The Policy does not insure "defective design or specifications, faulty material, or faulty workmanship; however, this exclusion shall not apply to fire, explosion, collapse and/or water damage resulting from such defective design or specifications, faulty material, or faulty workmanship." Policy, p. 24 of 57.

37.

Insurers are thus entitled to a declaration that coverage is precluded or limited as defective design and/or faulty workmanship is excluded under the Policy.

## COUNT II – COVERAGE IS PRECLUDED BY THE WEAR AND TEAR OR GRADUAL DETERIORATION EXCLUSION

38.

Insurers repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

39.

The stairways and walkways at the Property are in a deteriorated state.

40.

The deterioration has been accelerated due to the faulty construction and ongoing water intrusion.

41.

The Policy excludes "ordinary wear and tear or gradual deterioration, unless direct physical loss, damage or destruction not otherwise excluded ensues and then this Policy shall insure for such ensuing direct physical loss, damage or destruction." Policy, p. 25 of 57.

42.

There is no direct physical loss or damage ensuing from ordinary wear and tear or gradual deterioration.

43.

Insurers are thus entitled to a declaration that coverage is precluded under the Policy by the Wear and Tear or Gradual Deterioration Exclusion.

### **COUNT III – COVERAGE IS PRECLUDED FOR DAMAGE CAUSED BY FUNGUS, MOLD, OR WET OR DRY ROT**

44.

Insurers repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

45.

Wet rot is present throughout the walkways and stairways due to water intrusion from the deteriorated condition.

46.

The Policy does not insure "against Fungus, Mold, wet or dry rot and any cost due to the presence of such including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy. However, notwithstanding any seepage, and/or pollution, and/or contamination exclusion, this Policy insures direct physical loss, damage or destruction to insured property resulting from Fungus, Mold, wet or dry rot which is a direct result of physical loss, damage or destruction insured against under this Policy. . ." Policy, p. 27 of 57.

47.

10

The wet rot and the cost to repair/replace such damaged wood to make the Property suitable for use is excluded under the Policy.

48.

There is no direct physical loss or damage resulting from the wet rot.

49.

The wet rot is not a direct result of physical loss or damage covered under the Policy.

50.

The Policy's Microorganism Exclusion endorsement excludes coverage for any damage directly or indirectly arising out of or relating to mold, mildew, fungus, spores or other microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health. Policy, MKA5018, 14/09/2005, p. 56 of 57.

51.

Insurers are thus entitled to a declaration that coverage is precluded as the Policy excludes coverage for fungus, mold, or wet or dry rot.

## COUNT IV – THERE IS NO COVERAGE FOR BUSINESS INTERRUPTION OR EXTRA EXPENSE

52.

Insurers repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

53.

Upon information and belief, Drucker & Falk will submit a business interruption claim associated with the alleged damage to the Property.

11

54.

The Policy's business interruption and extra expense coverage is contingent on there being a covered loss under the Policy.

55.

As such, to the extent there is no covered loss under the Policy, Insurers are entitled to a declaration that there is no coverage for business interruption and/or extra expense under the Policy.

## COUNT V – MULTIPLE DEDUCTIBLES APPLY

56.

Insures repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

57.

Drucker & Falks claim arises from damage caused by long-term water intrusion as a result of defective design and faulty workmanship and wear and tear, which lead to rotting of the timber supports underneath.

58.

The Policy has a $100,000 deductible per any one occurrence. Policy Slip, p. 8 of 19.

59.

"Occurrence" is defined as "all direct physical loss, damage or destruction insured against arising out of or caused by one event." Policy, p. 45 of 57.

60.

As the damage was caused by long-term water intrusion, each water intrusion is considered a separate event.

61.

As such, to the extent there is coverage under the Policy, there are multiple occurrences, and thus, multiple deductibles should apply.

**WHEREFORE,** Plaintiffs pray for:

(1) The Court to declare that coverage is precluded or limited by the Defective Design and Faulty Workmanship Exclusion;

(2) The Court to declare that Insurers have no obligation to pay for any damage to the Property because the Policy excludes coverage for wear and tear or gradual deterioration;

(3) The Court to declare that Insurers have no obligation to pay for any damage to the Property because the Policy excludes coverage for fungus, mold, wet or dry rot;

(4) The Court to declare that Insurers have no obligation to pay for any business interruption or extra expense clams because such coverages are contingent on there being a covered loss under the Policy;

(5) The Court to declare that if coverage is afforded under the Policy, multiple deductibles apply due to the alleged damage being caused by multiple events;

(6) Plaintiffs recover their costs; and

(7) Such other relief as the Court deems just.

FARADAY CAPITAL LIMITED
QBE CORPORATE LIMITED
IRONSHORE EUROPE DAC
ARGO (No. 604) LIMITED


_____/s/_____
James H. Revere, III, VSB#33757
*Counsel for Faraday Capital Limited,*
*QBE Corporate Limited,*
*Ironshore Europe DAC, and Argo (No. 604)*
*Limited*
Kalbaugh, Pfund & Messersmith, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
(804) 320-6300
(804) 320-6312 (fax)
JH.revere@kpmlaw.com